UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 21-cv-11194-ADB |
| MCMC, LLC, A DELAWARE LIMITED LIABILITY COMPANY, | * * * | |
| Defendant. | * * * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Atlantic Specialty Insurance Company ("ASIC") filed this action on July 23, 2021 seeking damages arising from Defendant MCMC, LLC's ("MCMC") alleged breach of contract and refusal to indemnify ASIC for losses resulting from that breach. See [ECF No. 1 (Compl.)]. On September 7, 2021, MCMC moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, alternatively, to transfer this action to the District of Arizona pursuant to 28 U.S.C. § 1404(a) or § 1406(a). [ECF No. 16]. ASIC opposed on October 5, 2021. [ECF No. 23]. For the reasons stated below, MCMC's motion to dismiss or transfer, [ECF No. 16], is **DENIED**.

**I.   BACKGROUND**

The following facts are drawn from the complaint and the evidence the parties have proffered in support of their jurisdictional arguments. See A Corp. v. All Am. Plumbing, Inc.,

812 F.3d 54, 58 (1st Cir. 2016) (stating that plaintiffs bear the burden of establishing specific jurisdiction and it is "not enough . . . to 'rely on unsupported allegations in [its] pleadings'") (alteration in original) (citation omitted)).

ASIC, an insurance company, is incorporated in New York and has a principal place of business in Minnesota. [Compl. ¶ 12]. MCMC is an "independent organization that provides independent medical peer reviews" for insurance companies. [Id. ¶ 20]. It is incorporated in Delaware and its principal place of business is in Memphis, Tennessee, but prior to February or March 2021, its principal place of business was in Quincy, Massachusetts, including for the entirety of the time period relevant to this action, [Compl. ¶ 13], and it still maintains a Resident Agent in Boston, Massachusetts, [ECF No. 23 at 3–4].

On March 3, 2014, ASIC entered into a contract (the "Service Agreement") with MCMC. [Compl. ¶ 24]; see [ECF No. 1-3]. The Service Agreement contained a "Governing Law" clause that provides that the "Agreement shall be governed and construed in accordance with the law of the Commonwealth of Massachusetts." [ECF No. 1-3 at 5]. The Service Agreement stipulated that MCMC would provide ASIC with "Peer Review Services" performed by physicians and health care practitioners. [Id. at 7; Compl. ¶ 24]. ASIC alleges that MCMC breached the Service Agreement by assigning a peer reviewer, in this case, a doctor, who provided a "faulty" medical opinion for the evaluation of an insurance claim, which resulted in a private arbitration against ASIC. [Compl. ¶¶ 1, 2–6]. Now, seeking indemnity from MCMC to recover the costs it incurred during the arbitration and in payment of the arbitration's settlement, ASIC brings claims against MCMC for breach of contract, contractual indemnity, and, in the alternative, common law indemnity, as well as negligent misrepresentation and declaratory judgment. [Id. ¶ 10].

## II.     PERSONAL JURISDICTION

### A.     Standard of Review

ASIC bears the burden of establishing that personal jurisdiction exists over MCMC. Get In Shape Franchise, Inc. v. TFL Fishers, LLC, 167 F. Supp. 3d 173, 191 (D. Mass. 2016) (citing Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)). "When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing . . . , the 'prima facie' standard governs its determination." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). Under the prima facie standard, the plaintiff must proffer "evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction." A Corp., 812 F.3d at 54 (quoting Phillips v. Prairie Eye Ctr., 530 F.3d 22, 26 (1st Cir. 2008)).

"[P]laintiffs may not rely on unsupported allegations in their pleadings" and are instead "obliged to adduce evidence of specific facts" supporting jurisdiction. Platten v. HG Berm. Exempted Ltd., 437 F.3d 118, 134 (1st Cir. 2006) (alteration in original) (first quoting Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992), then quoting Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 145 (1st Cir. 1995)). The Court takes as true whatever properly documented facts a plaintiff proffers, construes those facts in the light most favorable to the plaintiff, and considers facts put forward by the defendant to the extent they are uncontradicted. See Prairie Eye Ctr., 530 F.3d at 26; Platten, 437 F.3d at 134.

"To establish personal jurisdiction in a diversity case, a plaintiff must satisfy both the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment." C.W. Downer & Co. v. Bioriginal Food & Sci. Corp., 771 F.3d 59, 65 (1st Cir. 2014) (citing Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 201, 204 (1st Cir. 1994)). The Due Process Clause of

the Fourteenth Amendment allows a state court to exercise personal jurisdiction over a nonresident only where the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'"  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citations omitted).

The Massachusetts long-arm statute also limits when courts may exercise personal jurisdiction over nonresidents.  Because "the long-arm statute imposes specific constraints on the exercise of personal jurisdiction that are not coextensive with the parameters of due process . . . a determination under the long-arm statute is to precede consideration of the constitutional question."  SCVNGR, Inc. v. Punchh, Inc., 85 N.E.3d 50, 52 (Mass. 2017); see also Cossart v. United Excel Corp., 804 F.3d 13, 18 (1st Cir. 2015) ("The requirements of the Massachusetts long-arm statute are similar to—although not necessarily the same as—those imposed by the Due Process Clause.").

### B. The Massachusetts Long-Arm Statute

ASIC argues that the Court has personal jurisdiction over MCMC under Mass. Gen. Laws ch. 223A, § 3(a), which provides that "[a] court may exercise personal jurisdiction over a person . . . as to a cause of action in law or equity arising from the person's . . . transacting any business in the commonwealth."  See [ECF No. 23 at 4–7].

ASIC asserts that the Court's exercise of personal jurisdiction is proper under § 3(a) because:

> (1) the Service Agreement between ASIC and MCMC contained an express choice of law provision requiring Agreement be governed and construed in accordance with the law of the Commonwealth of Massachusetts . . . (2) the Service Agreement included a provision that all notices be delivered to MCMC at "300 Crown Colony Driver [sic], Suite 203, Quincy, MA 02169" . . . and (3) At all relevant times, including the time the parties entered into the Service Agreement in March 2014, the time Dr. McCrary provided medical opinions relevant to this matter in March 2017 and November 2019, and the time of MCMC's breach of contract in refusing

to comply with its contractual indemnity through 2019, MCMC maintained its principal place of business in Massachusetts and transacted business in Massachusetts. MCMC continues to operate in Massachusetts today.

[ECF No. 23 at 6–7].

"For jurisdiction to exist under [§ 3(a)], 'the facts must satisfy two requirements—the defendant must have transacted business in Massachusetts, and the plaintiff's claim must have arisen from the transaction of business by the defendant.'" Aldabe v. Env't Servs., Inc., No. 16-cv-11067, 2017 WL 7035658, at *2 (D. Mass. Sept. 20, 2017) (quoting Tatro v. Manor Care, Inc., 416 Mass. 763, 769–71 (1994)).  Both requirements are construed broadly in favor of asserting personal jurisdiction.  See Geis v. Nestlè Waters N. Am., Inc., 321 F. Supp. 3d 230, 238 (D. Mass. 2018) ("[t]he definition of 'transacting any business' is construed broadly"); Saturn Mgmt. LLC v. GEM-Atreus Advisors, LLC, 754 F. Supp. 2d 272, 278 (D. Mass. 2010) ("the 'arising from' requirement is generously construed").  In other words, "[t]he inquiry ultimately boils down to a 'but for' causation test which asks '[d]id the defendant's contacts with the Commonwealth constitute 'the first step in a train of events that result[ed] in the personal injury.'" Access Now, Inc. v. Otter Prods., LLC, 280 F. Supp. 3d 287, 291 (D. Mass. 2017) (quoting Lyle Richards Int'l, Ltd. v. Ashworth, Inc., 132 F.3d 111, 114 (1st Cir. 1997)).

MCMC contends that the Court cannot exercise personal jurisdiction over it because the events giving rise to this suit, which, according to MCMC, solely concern peer review services provided by a doctor in Arizona, did not take place in Massachusetts.  [ECF No. 16 at 5]. Section 3(a)'s "arising from" requirement, however, is not so limited.  "The business transacted 'need not have taken place within the physical bounds of the commonwealth.'" C&W Fabricators, Inc. v. Metal Trades, Inc., No. 01-cv-40061, 2002 WL 32759591, at *4 (D. Mass. Mar. 27, 2002).

Where, as here, the cause of action is an alleged breach of contract and the business transacted in Massachusetts was instrumental in the formation of the contract, the "arising from" requirement is satisfied.  Hahn v. Vermont Law School, 698 F.2d 48, 51 (1st Cir. 1983); see also Saturn Mgmt., 754 F. Supp. 2d at 278; M-R Logistics, LLC v. Riverside Rail, LLC, 537 F. Supp. 2d 269, 276 (D. Mass. 2008); Shipley Co. v. Clark, 728 F. Supp. 818, 822 (D. Mass. 1990).  Because ASIC alleges that MCMC breached its Service Agreement with ASIC, and the Service Agreement was formed in connection with ASIC's substantial transaction of business in Massachusetts, these facts are sufficient to satisfy the state's long-arm statute.

### C. Constitutional Due Process

Turning then to the constitutional due process analysis, courts may exercise two types of personal jurisdiction under the Fourteenth Amendment: general or specific.  See United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088–89 (1st Cir. 1992) (distinguishing the two types of personal jurisdiction).  Under specific personal jurisdiction, the plaintiff's claim "must be related to the defendant's contacts."  Harlow v. Childs. Hosp., 432 F.3d 50, 57 (1st Cir. 2005).  Under general personal jurisdiction, "in which the cause of action may be unrelated to the defendant's contacts, the defendant must have continuous and systematic contacts with the state."  Id.  A finding of either specific or general personal jurisdiction is sufficient for a case to proceed.  See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 959 F. Supp. 36 (D. Mass. 1997), aff'd, 142 F.3d 26, 34 (1st Cir. 1998).  MCMC asserts that the Court lacks both general and specific jurisdiction to hear the case, [ECF No. 16 at 5–6], while ASIC argues that the Court can exercise either, [ECF No. 23 at 7–10].

"Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities."  Swiss Am. Bank, Ltd., 274 F.3d at 618

6

(quoting Mass. Sch. of Law, 142 F.3d at 34).  For the Court to have specific jurisdiction over MCMC consistent with the Due Process Clause, the ASIC must demonstrate that each of the following three conditions is satisfied:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities.  Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable.  Third, the exercise of jurisdiction must . . . be reasonable.

Daynard v. Ness, 290 F.3d 42, 60 (1st Cir. 2002) (quoting Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 144 (1st Cir. 1995)); see also Adelson v. Hananel, 510 F.3d 43, 49 (1st Cir. 2007) (summarizing the three conditions as "relatedness, purposeful availment, and reasonableness").

1. Relatedness

"The relatedness standard is a 'flexible, relaxed standard,' which focuses on the 'nexus between the defendant's contacts and the plaintiff's cause of action.'" Adelson, 510 F.3d at 49 (citation omitted).  The requirement "falls between proximate and 'but for' causation, with foreseeability shaping most relatedness determinations." Micheli v. Techtronic Indus., No. 11-cv-10503, 2012 WL 6087383, at *9 (D. Mass. Mar. 1, 2013) (citing Nowak v. Tak How Invs., Ltd., 94 F.3d 708, 715–16 (1st Cir. 1996)).

As previewed by the Court's analysis under the long-arm statute, ASIC's claims are sufficiently related to MCMC's contacts in Massachusetts.  While MCMC maintained its principal place of business in Massachusetts, it entered into a Service Agreement with ASIC that the parties agreed would be governed by Massachusetts law.  [ECF No. 1-3 at 5].  All of ASIC's claims relate to MCMC's entry into and alleged breach of that contract and are therefore sufficiently related to MCMC's contacts with this state.

7

2.	Purposeful Availment

"The function of the purposeful availment requirement is to assure that personal jurisdiction is not premised solely upon a defendant's 'random, isolated or fortuitous' contacts with the forum state."  Sawtelle v. Farrell, 70 F.3d 1381, 1391 (1st Cir.1995) (citing Keeton v. Hustler Mag., Inc., 465 U.S. 770 (1984)).  "The two focal points are voluntariness and foreseeability[,]" M-R Logistics, LLC, 537 F. Supp. 2d at 278, and "a defendant's contacts with the forum state must be such that he should reasonably anticipate being haled into court there[,]" id. (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

Here, it is clear that MCMC's contacts with Massachusetts were voluntary and that it was entirely foreseeable that MCMC could be haled into court in Massachusetts.  MCMC chose to conduct its business primarily from this state for many years, the Service Agreement at issue in this case contained a choice of law provision that required it "be governed and construed in accordance with the law of the Commonwealth of Massachusetts[,]" and further required "notice, demands, payments or other communications required or permitted" under the Service Agreement be directed to MCMC's address in Massachusetts.  See [ECF No. 1-3 at 5].  In such a case, "[c]learly the most likely forum in which Massachusetts law would be enforced is a Massachusetts court."  M-R Logistics, LLC, 537 F. Supp. 2d at 278.

3.	Reasonableness

The First Circuit has identified the following "gestalt factors" to guide the reasonableness inquiry: "(1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies."  Nowak v. Tak

How Invs., Ltd., 94 F.3d 708, 717 (1st Cir. 1996) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)).

First, MCMC has not identified any particular burden it would face having to litigate this case in Massachusetts. Even if some of the evidence or witnesses are in another state, it has not explained why it would be difficult to secure the appearances of those witnesses in Massachusetts or to bring that evidence to this state. Second, Massachusetts has an interest in adjudicating the dispute because the Service Agreement is governed by Massachusetts law. See M-R Logistics, 537 F.Supp.2d at 279. Third, ASIC has an interest in obtaining convenient and effective relief in its preferred venue, and the Court accords the plaintiff's choice of forum with a degree of deference. Sawtelle v. Farrell, 70 F.3d 1381, 1395 (1st Cir. 1995). Fourth, the most effective resolution of the controversy may require resolution in Massachusetts because Massachusetts law governs the Service Agreement. Fifth, resolution in Massachusetts does not interfere with the promotion of substantive social policies. Thus, the exercise of personal jurisdiction is reasonable in light of the gestalt factors, and the due process requirements are satisfied.

As a final note, though the Court has already concluded that it has specific personal jurisdiction over MCMC, it will briefly address general personal jurisdiction. "General jurisdiction requires affiliations 'so "continuous and systematic" as to render [a person] essentially at home in the forum State.'" Daimler AG v. Bauman, 571 U.S. 117, 133 n.11 (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919); see also Kuan Chen v. U.S. Sports Acad., Inc., 956 F.3d 45, 57 (1st Cir. 2020). In Daimler AG v. Bauman, the Supreme Court explained that, with respect to a corporate defendant, "the place of incorporation and principal place of business are paradig[matic] . . . bases for general jurisdiction." 571 U.S. at

137; see also Kuan Chen, 956 F.3d at 57. There may also be rare "exceptional case[s]," where a defendant corporation's general business operations in a state in which it is neither incorporated nor headquartered are "so substantial and of such a nature as to render the corporation at home in that State." Daimler, 571 U.S. at 139 n.19.

ASIC's assertion that MCMC's present contacts with the state, specifically that MCMC maintains a Resident Agent in Massachusetts and continues to conduct business in the state, see [ECF No. 23 at 3–4, 8], amount to the "continuous and systematic" contacts sufficient to confer general jurisdiction over a nonresident corporate defendant is unavailing, see Medici v. Lifespan Corp., 239 F. Supp. 3d 355, 369 (D. Mass. 2017) (holding that the court lacked general jurisdiction where the company "maintain[ed] two locations in Massachusetts, employ[ed] people in Massachusetts, and serve[d] some proportion of its patients in Massachusetts," but was "incorporated under Rhode Island Law and ha[d] its principal place of business in Rhode Island"). The closer question here is whether having Massachusetts as its principal place of business up until a few months before the filing of this suit and at all times relevant to the complaint allows for the exercise of general jurisdiction.

In determining whether it has general jurisdiction over a nonresident defendant, a district court must look to the defendant's contacts with the forum state over a "reasonable" period. Shovah v. Mercure, 879 F. Supp. 2d 416, 424 (D. Vt. 2012) (citing Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 569 (2d Cir. 1996)). It is settled law that the relevant time frame should be a period up to and including the date plaintiff filed their complaint and that all contacts occurring after the filing of the suit may not be considered, Harlow v. Childs. Hosp., 432 F.3d 50, 65 (1st Cir. 2005); Noonan v. Winston Co., 135 F.3d 85, 93 n.8 (1st Cir. 1998), and district courts have the "discretion to determine what constitutes a reasonable period given the

circumstances of each case[,]" Shovah, 879 F. Supp. 2d at 424; compare Metro. Life Ins., 84 F.3d at 569–580 (finding that it was reasonable to assess defendant's contacts with the forum over a six-year period prior to the filing of the complaint) with OneBeacon Am. Ins. Co. v. Argonaut Ins. Co., No. 09-cv-5085, 2011 WL 6013018, at *5 (Mass. Super. Ct. Nov. 9, 2011) (declining to exercise general jurisdiction over a party based on contacts it had with Massachusetts over sixteen years prior to the time that the action was filed).

Presumably then, the relevant forum-based contacts in this case are those which MCMC had in Massachusetts prior to July 23, 2021. See Fiske v. Sandvik Mining & Const. USA, LLC, No. 07-cv-40174, 2009 WL 3163329, at *5 (D. Mass. Sept. 25, 2009). MCMC changed its principal place of business from Massachusetts to Tennessee just a few months before the filing of this complaint, sometime in February or March 2021. It is fair to say that up until that change, the Court's exercise of general personal jurisdiction over MCMC would have likely been indisputable. See AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 429, 434 (1st Cir. 2015) ("It is undisputed that the District of Massachusetts could properly exercise personal jurisdiction over [defendant], a corporation with its principal place of business in Massachusetts, making [it] "at home" in this forum.").[1]

The parties have not cited, and the Court is not aware of any cases that address the unique set of facts presently before the Court,[2] that is whether a state may subject a now non-resident

---

[1] This comports with Mass. Gen. Laws ch. 223A, § 2, which permits the exercise of general jurisdiction if a corporation is "organized under the laws of, or maintain[s] . . . its principal place of business in, this commonwealth."

[2] Plaintiff does refer to CardiAQ Valve Techs., Inc. v. Neovasc, Inc., 52 F. Supp. 3d 313, 316 (D. Mass. 2014) for support, in which the court dismissed a motion to transfer where the movant had relocated its principal place of business from Massachusetts four years before the filing of the complaint, but this case is unpersuasive given that the analysis for venue transfer is distinct from a general jurisdiction analysis.

11

corporate defendant to general jurisdiction with respect to a complaint filed against it just a few months after the defendant moved its principal place of business out of that forum.

Because courts have found it "reasonable" to examine, for the purposes of exercising general jurisdiction, a defendant's contacts with a forum state for as many as several years leading up to the filing of a complaint, it follows that MCMC's "continuous and systematic" contact with Massachusetts until just a few months before the filing of the complaint, and presumably several years prior to it, would make the exercise of general personal jurisdiction proper in this case, even if MCMC's current contacts are not alone sufficient. Cf. United Mobile Techs., LLC v. Pegaso PCS, S.A. de C.V., 509 F. App'x 48, 50 (2d Cir. 2013) ("district court correctly found no general jurisdiction given the limited number of contacts at the time of the filing of the complaint").

### III. IMPROPER VENUE AND TRANSFER OF VENUE

Alternatively, MCMC seeks dismissal of the case under Fed. R. Civ. P. 12(b)(3) because Massachusetts is an improper venue and seeks transfer to the District of Arizona under 28 U.S.C. § 1406(a) or § 1404(a).[3] [ECF No. 16 at 6–8].

The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[3] Section 1406(a) authorizes transfer where venue is initially improper, while § 1404(a) authorizes transfer even where venue is initially proper. The analysis under each section "differs in that [§ 1404(a)] necessitates a consideration of the 'convenience of parties and witnesses' in addition to 'the interest of justice.'" Gill v. Nakamura, No. 14-cv-13621, 2015 WL 5074475, at *6 (D. Mass. July 24, 2015).

28 U.S.C. § 1391(a).  It also provides that for venue purposes, a defendant-corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 11 n.6 (1st Cir. 2009) (quoting 28 U.S.C. § 1391(d)).  Having already concluded that MCMC is subject to this Court's personal jurisdiction, MCMC resides in Massachusetts, and therefore Massachusetts is a proper venue.

Even so, the Court still must consider whether transfer to the District of Arizona is appropriate under § 1404(a).  Section 1404(a) requires a district court to transfer the case to a district in which it could have been brought "if it be in the interest of justice." 28 U.S.C. § 1404(a).  When considering a motion to transfer venue, courts consider both private and public interest factors, including "1) the plaintiff's choice of forum, 2) the relative convenience of the parties, 3) the convenience of the witnesses and location of documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or public interests at stake." Momenta Pharm., Inc. v. Amphastar Pharm., Inc., 841 F. Supp. 2d 514, 522 (D. Mass. 2012)).  The burden is on MCMC to show that transfer of venue to the District of Arizona is warranted, as "[t]he overriding principle in any transfer analysis . . . is that 'the plaintiff's choice of forum is entitled to great weight.'" Shipley Co., 728 F. Supp. at 823 (quoting Home Owners Funding Corp. of Am. v. Century Bank, 695 F. Supp. 1343, 1347 (D. Mass. 1988)).

MCMC contends that transfer is appropriate because a "a majority of the essential evidence and the most important witnesses in this case . . . are located in Arizona[,]" [ECF No. 16 at 8], but even if Arizona may be a proper venue for this case, transfer is not warranted if the interests of justice do not demand it.  MCMC has not demonstrated that it would encounter any difficulty in transporting the evidence or in securing the key witnesses' appearances, see [ECF

No. 23 at 12–14], and it concedes that both parties will have to travel to either Massachusetts or Arizona because neither party is currently domiciled in either venue, [ECF No. 16 at 8].  Further, although other federal district courts are "undoubtedly capable" of applying Massachusetts law, "[a] district's familiarity with the governing law is an appropriate factor to consider" in this analysis.  See Montoya v. CRST Expedited, Inc., 285 F. Supp. 3d 493, 501 (D. Mass. 2018) (citation omitted).  In sum, MCMC has not presented any facts in support of transfer that outweigh the presumption in favor of ASIC's selected forum.

MCMC argues that "there are no allegations pertaining to conduct occurring in Massachusetts which would make this Court . . . the most convenient and appropriate venue[,]" [ECF No. 16 at 8], but the Court is "not required to determine the best venue, merely a proper venue[,]" Astro-Med., 591 F.3d at 12.  Because Massachusetts is a proper venue for this case and MCMC has not shown that it is in the interest of justice to litigate this suit in Arizona, transfer is not warranted.

### IV.   CONCLUSION

For the foregoing reasons, MCMC's motion to dismiss for lack of personal jurisdiction and its alternative motions to dismiss and transfer, [ECF No. 16], are DENIED.

**SO ORDERED.**

August 2, 2022                                       /s/ Allison D. Burroughs
                                                     ALLISON D. BURROUGHS
                                                     U.S. DISTRICT JUDGE